SHAW & CO. *v.* UNITED STATES (No. 2298).[1]

DISTILLED SPIRITS DOUBLY TAXED.

> The provision of section 600 (*a*) of the revenue act approved February 24, 1919, that the taxes levied by the section on distilled spirits are "in lieu of the internal revenue taxes" can not be extended to mean also "in lieu of customs duties," and such imported spirits were subject to the tax imposed by the section and also to the one imposed by paragraph 237, tariff act of 1913.

United States Court of Customs Appeals, February 9, 1924.

APPEAL from Board of United States General Appraisers, Abstract 45999.

[Affirmed.]

*Barnes, Chilvers & Halstead* (*Frank M. Halstead* of counsel) for appellants.
*William W. Hoppin*, Assistant Attorney General (*Bernard Hahn*, special attorney, of counsel), for the United States.

[Oral argument December 14, 1923, by Mr. Halstead and Mr. Hoppin.]

Before MARTIN, Presiding Judge, and SMITH, BARBER, and BLAND, Associate Judges; HATFIELD, Associate Judge, participating in the decision by agreement of counsel.

[1] T. D. 40024.

BARBER, Judge, delivered the opinion of the court:

We are not able to select language that more concisely expresses the issue here than the following, which is quoted from importer's brief:

Two protests are involved in this appeal. One of them, No. 944169, attacks the validity of the assessment of a tax of $2.20 per proof gallon, under the provisions of section 600 (a) of the revenue act of February 24, 1919, upon certain spirits imported for nonbeverage purposes. The other protest, No. 944168, attacks the validity of the assessment of $2.60 per proof gallon, under the provisions of paragraph 237 of the act of October 3, 1913, on the same spirits.

The two protests together present the question of whether whisky in bonded warehouse on February 24, 1919, or imported between that date and September 21, 1922, was subject to the tax imposed by section 600 (a) of the revenue act of February 24, 1919, and also to the tax imposed by paragraph 237 of the tariff act of October 3, 1913.

The question of whether such whisky was subject to the tax of $2.20 per proof gallon under the said section 600 (a) of the act of 1919 has been decided adversely to appellant in the case of Shaw & Co. *v.* United States (11 Ct. Cust Appls. 226, T. D. 38990.) We do not question the correctness of that decision nor ask that the same be modified in any way.

It is the appellant's contention that, when we consider the history of the legislation, the history of the times, the exact wording of the statute involved, and the provisions of other sections of the same act and the construction placed thereon, we are forced to the conclusion that it was neither the intent nor the letter of the statute to subject the said whisky to *both* of the taxes assessed thereon, but that said whisky was subject only to the tax imposed by said section 600 (a) of the act of 1919.

The Board of General Appraisers overruled both protests, relying as to protest No. 944169 upon the authority of Shaw & Co. *v.* United States, already referred to, concerning which as appears, the importer raises no question.

Paragraph 237 of the tariff act of 1913 specifically provides for the payment of $2.60 per proof gallon for the merchandise covered by protest No. 944168.

. Section 600 (a) of the revenue act of February 24, 1919, reads as follows:

That there shall be levied and collected on all distilled spirits now in bond or that have been or that may be hereafter produced in or imported into the United States, except such distilled spirits as are subject to the tax provided in section 604, in lieu of the internal-revenue taxes now imposed thereon by law, a tax of $2.20 (or, if withdrawn for beverage purposes or for use in the manufacture or production of any article used or intended for use as a beverage, a tax of $6.40) on each proof gallon, or wine gallon when below proof, and a proportionate tax at a like rate on all fractional parts of such proof or wine gallon, to be paid by the distiller or importer when withdrawn, and collected under the provisions of existing law.

As stated, the only question is whether or not the merchandise covered by protest 944168 is subject to the duty provided by paragraph .

237 of the act of 1913. It is clearly subject thereto unless section 600 (a), above quoted, may be so construed as to exempt it therefrom. Counsel for importer has ably argued that such is the case, and if sympathy might be allowed to control our decision his argument would seem to afford a basis therefor.

It is our duty, however, to apply the statute as written. The language of section 600 (a) seems to be plain and unambiguous in that it provides for an assessment on distilled spirits in bond, both those that have been imported as well as those of domestic production, of a tax "in lieu of the internal-revenue taxes now imposed thereon by law."

There is a definite distinction between internal-revenue taxes and customs duties. The section does not declare that the taxes therein assessed on imported distilled spirits in bond are in lieu of *customs duties* imposed thereon but does declare that they are in lieu of internal-revenue taxes. This language is so plain and unambiguous that we see no legal basis for the construction contended for by the importer.

Whatever we may think of the justice or the wisdom of the statute, our judgment must be in accordance with its plain intendment, and, adopting that course, the judgment of the Board of General Appraisers is *affirmed.*